# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**JAMES S. HOLCOMB, KARENKAE HOLCOMB, SPENCYR KALBERER-FORD, E. H. and A. A., dual citizen/Blackfoot Indian**

      **Plaintiffs,**

**v.**                                                    **Case No: 5:23-cv-618-TJC-PRL**

**DOUGLAS SHIELDS, SEAN PARKS, KIRBY SMITH, LESLIE CAMPIONE, JOSH BLAKE, JOHN GANGI, ERIC ROACH, JIMMIE HOBBY and CHARLES JOHNSON,**

      **Defendants.**

---

## REPORT AND RECOMMENDATION[1]

Plaintiff, James S. Holcomb, who is proceeding pro se, filed this action against nine individuals in connection with an order directing him to obtain permits for work on his home or to remove unpermitted work. (Doc. 5). Previously, the Court noted deficiencies in Plaintiff's complaint, and directed him to file an amended complaint and either move to proceed in forma pauperis or pay the filing fee. (Doc. 3). Plaintiff has moved to proceed in forma pauperis,[2] and has filed an amended complaint. (Docs. 4, 5, 6). For the following

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

[2] After filing a motion to proceed in forma pauperis, (Doc. 4), Plaintiff filed an amended motion to proceed in forma pauperis using the Middle District of Florida's standard form. (Doc. 6). Filing an amended motion to proceed in forma pauperis has rendered Plaintiff's first motion **moot**.

reasons, I recommend that Plaintiff's motion be **denied** and his amended complaint be **dismissed**.

## I.   LEGAL STANDARDS

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it "is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or ... seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. *Id.*

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984) (internal citations omitted). "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (citing *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979)). In evaluating a complaint under § 1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me

accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

## II. DISCUSSION

Plaintiff's five-page amended complaint, incorporating four pages of exhibits, asserts claims "for violations of the 5th and 14th Amendments of the United States Constitution." (Doc. 5 at 1). According to the amended complaint, "the Lake County Government . . . depriv[ed] . . . Plaintiff of . . . [his property, namely a] 20 foot by 24 foot fishing cabin and 87% of [his] Orlando Firefighter Pension without due process of law and / or without just compensation." (Doc. 5 at 2). Plaintiff alleges that after he moved a fishing cabin 109 feet on his property, "Defendant Jimmie Hobby . . . told . . . Plaintiff that [he] must get a [b]uilding [p]ermit." (Doc. 5 at 2). Plaintiff "went to the Building Department to get the required permit [and] Defendant Eric Roach sited [sic] Building Code R301.2.1.1 and said that . . . Plaintiff could not have the required [b]uilding [p]ermit because of another [b]uilding [c]ode." *Id.* "Defendant Eric Roach stated that [Plaintiff's] 20 foot by 24 foot fishing cabin was in a 130 mile per hour wind zone. . . . [and] refused to give [Plaintiff] a copy of the [b]uilding [c]ode that he referanced [sic] and said that if I wanted it, I could find it in [sic] the internet." *Id.*

Ultimately, Plaintiff was able to get a copy of the building code showing wind probability, which he attaches as an exhibit to the amended complaint, and provides that Lake County is in a 130 mile per hour wind zone. (Doc. 5 at 8). "After refusing to issue the required [b]uilding [p]ermit, the Lake County Building Department hired Building Contractor / Defendant Charles Johnson to fine / Tax . . . Plaintiff, $100 per day / $3,000 per month / $36,500 per year until [he] . . . DESTROYED [sic] [his] . . . fishing cabin[] or obtained the

REQUIRED [sic] Building Permit that the Lake County Building Department could not provide per Lake County Building Code R301.2.1.1 [sic]." (Doc. 5 at 3).

Attached to Plaintiff's amended complaint is an Order, dated August 16, 2023, signed by Special Master of Lake County, Florida, Charles D. Johnson. (Doc. 5 at 6–7). That Order details that after a hearing on August 16, 2023, where Plaintiff was not present, the Special Master gave Plaintiff 60 days to comply with the Lake County Code Section 6-3(a), requiring that he have a building permit. *Id.* If Plaintiff failed to comply within 60 days, then a fine of $100.00 would be imposed "each and every day the violation(s) continue[.]" *Id.* at 7. Despite having an opportunity to appeal that Order, it does not appear that Plaintiff did. *Id.*

### A. Federal Rules of Civil Procedure

As an initial matter, Plaintiff's amended complaint still does not meet the pleading requirements set forth in the Federal Rules of Civil Procedure. Plaintiff's amended complaint does not contain a short plain statement of the claim showing that the pleader is entitled to relief, as required by Rule 8. Instead, Plaintiff's amended complaint contains dubious legal conclusions and conjecture—for example, that he and "the 20 foot by 24 foot fishing cabin are EXEMPT FROM THE WIND CODE [sic]." (Doc. 5 at 4).

Further, despite the Court's prior Order specifically stating that Plaintiff's "statement of the claim must explain which actions are attributable to which defendants[,]" Plaintiff's amended complaint fails to provide any factual allegations as to six of the nine Defendants. (Doc. 3 at 2) (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015)). Although Plaintiff is proceeding pro se, he is "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Child. & Fams.*, 256 F. App'x 326, 327 (11th Cir. 2007).

**B. Failure to State a Claim**

Further, Plaintiff's amended complaint does not state a claim under the Fifth and Fourteenth Amendments' Takings Clause. "To state a claim under the Fifth Amendment's Takings Clause, the plaintiff must plausibly allege the government took private property 'for public use.'" *Munzel as Tr. of Clyde W. Munzel Revocable Tr., under agreement dated May 3, 2005 v. Hillsborough Cnty.*, No. 8:21-CV-2185-WFJ-AAS, 2022 WL 2440427, at *2 (M.D. Fla. July 5, 2022) (first citing U.S. Const. amend. V; then citing *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 535 U.S. 302, 321 (2002)). For regulatory takings such as the instant, the regulation must have "'the effect of depriving a landowner of all economically beneficial use' of the land." *Munzel*, 2022 WL 2440427, at *2 (quoting *Serpentfoot v. Rome City Comm'n*, 322 F. App'x 801, 805 (11th Cir. 2009)); *see Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 537 (2005) (regulatory taking is "government regulation of private property . . . so onerous that its effect is tantamount to a direct appropriation or ouster"). However, "no taking occurs where the property owner never had a right to use the property in the manner constituting a nuisance or imminent threat or danger to the community." *Munzel*, 2022 WL 2440427, at *2 (first citing *Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063, 2079 (2021) (noting that limitations on takings claims encompass privileges to enter property to avert an imminent public disaster or serious harm or risk posed to the public); then citing *City of Fort Lauderdale v. Scott*, 888 F. Supp. 2d 1279, 1298 (S.D. Fla. 2012) (finding city's demolition of structures resulting from code violations was not an effort to take the properties for public use).

Here, Plaintiff does not allege that the code enforcement was for public use. Second, Plaintiff does not allege that enforcement of the building code deprived him of all economically beneficial use of his land—indeed, Plaintiff still has, according to his amended

complaint, a trailer which is not violating the building code on his property. Third, it is dubious that a taking occurred because Plaintiff did not have a right to move the trailer on his property in the first instance without a building permit.

Moreover, Plaintiff has not stated a claim for procedural due process. "To state a claim for procedural due process violations under § 1983, Plaintiff must show '(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process.'" *Munzel*, 2022 WL 2440427, at *4 (quoting *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003)). Plaintiff does not allege constitutionally inadequate process. Instead, it appears that there is constitutionally adequate process available to Plaintiff here, based on the amended complaint's inclusion of the Special Master's order, which provides notice, time for compliance, and an appeals process.

Accordingly, Plaintiff has failed to state a Takings Claim and a denial of procedural due process claim.

## III.    RECOMMENDATION

Accordingly, and upon due consideration, it is respectfully recommended that Plaintiff's motion to proceed *in forma pauperis* (Doc. 6), be denied, and this case be dismissed.

Recommended in Ocala, Florida on December 7, 2023.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party

Courtroom Deputy